

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KISHA JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 C 3838 |
| | ) | |
| v. | ) | Judge John W. Darrah |
| | ) | |
| CENTURION CAPITAL CORPORATION, a | ) | |
| Maryland corporation; and BLATT, | ) | |
| HASENMILLER, LEIBSKER & MOORE, LLC, | ) | |
| an Illinois limited liability company, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Kisha Jenkins, filed a two-count Complaint under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), against the Defendants, Centurion Capital Corporation ("Centurion") and Blatt, Hasenmiller, Leibsker & Moore, LLC. ("Blatt") (collectively, "the Defendants"). The Defendants seek to dismiss Jenkins' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

### BACKGROUND

A reading of Jenkins' Complaint supports the following summary of the alleged operative conduct of the parties.

On August 23, 2006, Blatt filed a complaint in the Circuit Court of Cook County, Illinois, on behalf of its client, Centurion, against Jenkins. The state-court complaint sought to collect a credit card debt in the amount of $2,109.37, in addition to an unspecified amount of interest. While the state-court complaint was pending, on March 29, 2007, Blatt sent an initial form collection letter to Jenkins, informing her that Centurion no longer owned the alleged debt at

issue and that the debt account had been purchased by Palisades Acquisition XVI, LLC, which is also represented by Blatt. In the form letter, Blatt sought the balance of $2,311. On April 4, 2007, an attorney for Jenkins sent a letter to Blatt, indicating the deficiencies in the state-court complaint and seeking dismissal based on Centurion's lack of standing as it no longer owned the debt. Blatt had failed to attach the alleged contract to the state-court complaint and also failed to attach or allege any detail of the several assignments of the debt or facts supporting the alleged account being attributable to Jenkins. On May 15, 2007, the Defendants in this case dismissed the state-court complaint.

Jenkins filed this action on July 9, 2007, seeking a declaration that the Defendants' debt collection violated the FDCPA. Jenkins alleges that the Defendants' collection actions violated: (1) § 1692e of the FDCPA, which prohibits a debt collector from using any false or any deceptive or misleading representation or means in connection with the collection of a debt; and (2) § 1692f of the FDCPA, which prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt.

## ANALYSIS

In ruling on a motion to dismiss, the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004). Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To meet Rule 8(a)(2)'s requirements "the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, ___U.S.___, ___, 127 S. Ct. 1955, 1964 (2007) (*Bell Atlantic*), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (alteration in *Bell*

*Atlantic*). "Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level;' if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).

The Defendants seek to dismiss Jenkins' Complaint on the ground that the FDCPA does not govern the contents of state-court collection complaints, relying on the Seventh Circuit's decision in *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470 (7th Cir. 2007) (*Beler*). In response, Jenkins asserts that the Defendants misread the Seventh Circuit's decision in *Beler* and furthers directs the Court to its recent Minute Order in *Chavez v. Bowman, Heintz, Boscia & Vician, et al.*, N.D. Ill. No. 07 C 0607 (Aug. 22, 2007) – a case that involved very similar arguments as set forth in this case.

The Defendants contend that *Beler* stood for the proposition that the FDCPA does not extend to state court pleadings. As *dicta* in *Beler*, the Seventh Circuit stated, "It is far from clear that the FDCPA controls the contents of pleadings filed in state court." *Beler*, 480 F.3d at 473. In *Beler*, plaintiff (an alleged debtor) filed suit against the law firm debt collector. *Beler*, 480 F.3d at 472. The plaintiff alleged that the complaint filed in the state court and an attached affidavit violated the FDCPA because the description of the contract was not clear enough to enable an unsophisticated consumer to understand the relation among merchant, transaction, processor, and creditor. *Beler*, 480 F.3d at 472. The Seventh Circuit affirmed the district court's grant of summary judgment on other grounds and did not address whether the FDCPA applied to pleadings in state court. Other district courts have since acknowledged this unresolved issue, including *Foster v. Velocity Investment, LLC*, No. 07 C 0824 and 07 C 2989, 2007 WL 2461665, at *2 (N.D. Ill. Aug. 24, 2007), where the court noted, "[a]lthough *Beler* questioned the applicability of the FDCPA to state court filings, the Seventh Circuit chose not to

decide that issue." Moreover, in *Beler*, Judge Easterbrook plainly acknowledged that "([w]e postpone to some future case, where the answer matters, the decision whether § 1692e covers the process of litigation.)." *Beler*, 480 F.3d at 473. It is significant to note, as well, that the Seventh Circuit was expressing its doubts as to the applicability of § 1692e in the context of plaintiff's claim in that case that the state-court documents were not in "plain English," as to allow her to understand the court documents as an unsophisticated consumer. *See Beler*, 480 F.3d at 473.

Thus, present Seventh Circuit case law does not preclude a claim based on a false representation in a state-court complaint under the FDCPA. In *Gearing v. Check Brokerage Corp.*, 233 F.3d 469 (7th Cir. 2000), the Seventh Circuit affirmed a district court's finding that the defendant's statement as to the legal status of a state-court complaint it filed was "a false representation in an attempt to collect a debt, in violation of 15 U.S.C. § 1692e(2) and (10)." In *Veach v. Sheeks*, 316 F.3d 690, 691-92 (7th Cir. 2002) (*Veach*), a debtor brought suit in federal court, alleging that a summons and complaint in small claims court had violated the FDCPA due to its failure to specify the amount of debt. The Seventh Circuit construed the contents of these documents as a notice of claim and held that it contained misleading information in violation of the FDCPA. *Veach*, 316 F.3d at 694.

Accordingly, Jenkins can maintain a cause of action under the FDCPA by alleging violations of the FDCPA in the state-court complaint. Jenkins has satisfied the pleading requirements of Rule 8(a)(2) so as to withstand the Defendants' Motion to Dismiss Counts I and II.

## CONCLUSION

For the above reasons, the Defendants' Motion to Dismiss is denied.

Dated: November 15, 2007

JOHN W. DARRAH
United States District Court Judge